Argued and submitted April 28, affirmed December 21, 1988

STATE OF OREGON,
*Respondent,*

*v.*

HOMER CONNELL TAYLOR III,
*Appellant.*

(87CR-1028; CA A45864)

765 P2d 1257

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for attempted sexual abuse in the first degree. ORS 163.425; ORS 161.405. The indictment charged sexual abuse in the first degree:

"[Defendant], on or about June 12, 1987, in the County of Coos and State of Oregon, * * * did unlawfully and knowingly subject [the victim], a person under the age of twelve years, to sexual contact, by kissing and fondling [her] * * *."

ORS 163.305(6) defines "sexual contact" as

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

Defendant demurred to the indictment on the grounds that

"the facts alleged therein do not constitute an offense in that said indictment alleges sexual contact 'by kissing and fondling [the victim]' and does not allege that the defendant touched 'the sexual or other intimate parts' of [the victim], nor does the indictment allege that the defendant caused [the victim] 'to touch the sexual or other intimate parts' of the defendant. *For this reason the indictment does not allege that sexual contact occurred as that phrase is defined in ORS 163.305(6)*."

He assigns as error that the court overruled the demurrer.

Generally, an indictment is sufficient if it describes the offense in the words of the statute. *State v. Nussbaum,* 261 Or 87, 91, 491 P2d 1013 (1971); *State v. Wood,* 67 Or App 218, 223, 678 P2d 1238, *rev den* 297 Or 124 (1984); *compare State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977); *State v. Kincaid,* 78 Or App 23, 714 P2d 624 (1986); *see also* ORS 132.550(7). Here, the indictment describes the offense in the words of the statute. The additional descriptive allegation "by kissing and fondling [the victim]" is surplusage. The indictment is sufficient. *State v. Woodley,* 306 Or 458, 760 P2d 884 (1988), does not hold otherwise.[1]

---

[1] The indictment also meets the standard in *State v. Woodley, supra,* 306 Or at 464, because it

"suffices to present the issue whether defendant touched an area that the person he touched subjectively considered intimate and that defendant knew this or should have recognized the area to be one that would objectively be known to be an intimate part by any reasonable person."

The court also did not err when it denied defendant's motion to exclude evidence of his prior convictions. *State v. Dick,* 91 Or 294, 754 P2d 628, *rev den* 306 Or 528 (1988).

Affirmed.