Argued and submitted April 6, affirmed October 28, reconsideration denied December 16, 1992, petition for review denied January 26, 1993 (315 Or 312)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD JOHN CAFFEE,
*Appellant.*

## (90-21123; CA A70473)

840 P2d 720

Harry T. Carp, Eugene, argued the cause for appellant. With him on the brief was Chez & Carp, Eugene.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals his convictions for harassment, ORS 166.065, and sexual abuse in the second degree. ORS 163.415. We affirm.

We review the facts in the light most favorable to the state. *State v. Stevens*, 311 Or 119, 121, 806 P2d 92 (1991). On August 16, 1990, the victim called defendant, a family friend, and asked that he pick her up at work the next day and give her a ride home. The next day, defendant arrived at the victim's place of employment. After she got in his car, defendant hugged the victim, kissed her and rubbed her right breast with his right hand. The victim pulled away and asked, "What are you doing?" Defendant then grabbed her neck with his right hand. He asked the victim not to tell her mother what had happened. While holding her neck, defendant kissed her again and squeezed her left breast. She again pulled away and again asked what defendant was doing. Defendant then drove her to a house near her home. Before the victim left the car, defendant again requested that she not tell her mother. She got out of the car and walked to a house where her sister was baby-sitting. The police were called, and defendant was arrested.

Before trial, defendant demurred to the complaint on the ground that it did not state a crime and was not definite and certain. The demurrer was overruled. A jury found defendant guilty of both charges.

■ ■  Defendant first contends that the court erred in overruling his demurrer to the sexual abuse charge. The complaint alleges that defendant

"did unlawfully subject [the victim] to sexual contact without her consent; contrary to the statute and against the peace and dignity of the State of Oregon."

Generally, an accusatory instrument is sufficient if it describes the offense in the words of the statute. *State v. Taylor*, 94 Or App 538, 765 P2d 1257 (1988). The complaint did that. Furthermore, at the hearing on defendant's demurrer, the state introduced a police report that had been provided to defendant in discovery. It contained the victim's description of the incident giving rise to the charges. Defendant could not have been mistaken about the charge against

him. *See State v. Sanders*, 280 Or 685, 690, 572 P2d 1307 (1977). The demurrer was properly overruled.

■ In related assignments of error, defendant appears to argue that his right to a unanimous jury verdict was violated. *See State v. Boots*, 308 Or 371, 780 P2d 725 (1988). However, that issue was not preserved. The victim testified that defendant touched her breasts, legs and lips. Defendant argues that the jury should have been required to determine by separate vote whether the body part that defendant allegedly touched was "intimate." Even assuming that the reasoning of *Boots* is applicable, defendant did not except to the court's instructions on that ground.[1] *See State v. Woodley*, 306 Or 458, 760 P2d 884 (1988). Also, defendant did not submit requested instructions that would have guided the jury's deliberation in that fashion. Instead, he requested this instruction:

> "Based upon the evidence of this case, the sexual contact, if any, involved only the breast."

The court instructed the jury in accordance with the subjective/objective test formulated in *Woodley*.[2] Because there was sufficient evidence from which the jury could conclude that the victim's lips and legs were intimate parts, defendant's instruction was properly refused.[3]

In his fourth assignment of error, defendant contends that the trial court erred in excluding evidence of his good character. He concedes that the issue was decided against him in *State v. Carr*, 302 Or 20, 725 P2d 1287 (1986).

In his fifth assignment, defendant asserts that the court erred in excluding defense witness McGillivray's opinion about the victim's truthfulness. The court sustained the state's objection on the basis of lack of a foundation.

---

[1] We need not decide whether a jury's deliberation must be guided in that manner. *See State v. King*, 114 Or App 32, 834 P2d 463 (1992).

[2] The court instructed the jury:

> "A body part is intimate if the person touched regarded it as intimate and either the defendant knew that the person touched regarded it as intimate, or any reasonable person would know the part is intimate."

[3] Defendant's motion for new trial and motion in arrest of judgment also failed to raise properly or present the unanimous verdict issue. *See* ORS 136.500; ORS 136.535; *see also Maulding v. Clackamas County*, 278 Or 359, 366, 563 P2d 731 (1977).

McGillivray was defendant's daughter and had known the victim since childhood. However, she had had very little recent personal contact with the victim or with other people associated with her. Instead, she based her opinion on letters that she had received from the victim.

██ Defendant was entitled to attack the victim's credibility. ORE 608. However, he first had to establish a foundation for McGillivray's opinion. As Kirkpatrick explains:

> "A character witness, whether testifying in the form of reputation or opinion, will not be allowed to testify until a foundation has been laid showing that the witness has sufficient acquaintance with the reputation of the person in the relevant community or sufficient personal contact with the individual to have formed a personal opinion. The contact must have been sufficiently recent so that there will be a current basis for the testimony." *Oregon Evidence* 345, § 608 (1989).

The trial judge determined that McGillivray did not have recent contacts with the victim sufficient to make her able to offer an opinion regarding her truthfulness. Defendant has not demonstrated that the trial court abused its discretion in excluding McGillivray's opinion. *State v. Walton*, 311 Or 223, 232, 809 P2d 81 (1991).

Finally, defendant assigns error to a condition of probation that requires that he

> "make an appointment and comply, at defendant's expense, with all evaluation, treatment and education programs designated by the above agency or by any other agency to which defendant is referred by the above agency or by the courts, including monitored antabuse or other medication, if recommended by any such agency and medically prescribed, and inpatient and out-patient treatment, if recommended by such agency. Defendant shall authorize each such agency IN WRITING to release to the court and Lane County Mental Health complete information regarding defendant's evaluation, performance or non-compliance."

ORS 137.540(3) provides, in part:

> "(a) As a condition of probation, the court may require the defendant to report to any state or local mental health facility or other appropriate mental health program for evaluation. Whenever medical, psychiatric or psychological

treatment is recommended, the court may order the defendant, as a condition of probation, to cooperate with and accept the treatment from the facility or program.

"(b) The facility or program to which the defendant has been referred for evaluation shall perform such evaluation and submit a written report of its findings to the court. If the facility or program finds that treatment of the defendant is appropriate, it shall include its recommendations for treatment in the report to the court."

Defendant appears to contend that requiring him to participate in a treatment program as a condition of probation is appropriate only if the procedures outlined in ORS 137.540(3)(a) and (b) are followed. The state contends that imposing a "condition that resembles, but is not identical to, one of the enumerated conditions [in the statute] does not constitute error."

ORS 137.540(2) provides, in pertinent part, that "the court *may* impose special conditions of probation for the protection of the public or reformation of the offender, or both, *including, but not limited to*" an enumerated list of conditions. (Emphasis supplied.) A court has discretion under ORS 137.540(2) to fashion its own condition of probation so long as the condition serves to reform the offender or to protect the public. Here, the court ordered, as a condition of defendant's probation, that he make an appointment with Lane County Mental Health and comply with all evaluation and treatment programs designated by that facility. That kind of court-imposed condition is intended to promote reformation. Merely because it is similar to one of the enumerated conditions does not mean that the court erred. Defendant has not demonstrated that the court acted outside its authority or abused its discretion.

Affirmed.