67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Therell Tyrone DAVIS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent Respondent-Appellee.
 No. 94-35611.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 4, 1995.
 
 1
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Therell Tyrone Davis, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition challenging his conviction for kidnapping and sexual abuse. We affirm.
 
 DISCUSSION
 
 4
 1. To establish a claim of ineffective assistance of counsel, Davis must demonstrate: (1) that counsel committed errors so serious that he was not functioning as Sixth Amendment counsel, and (2) that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Tinsley v. Borg, 895 F.2d 520, 531-32 (9th Cir.1990), cert. denied, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991).
 
 
 5
 The failure to raise every possible issue on direct appeal is not necessarily ineffective assistance of counsel. See Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). None of Davis's three arguments regarding appellate counsel is persuasive.
 
 
 6
 (a) Although Davis obviously had a right to be represented by counsel of his choice, that right also encompasses "a correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). The trial court had a duty to examine the nature of any potential conflict. See Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1700, 100 L.Ed.2d 140 (1988); United States v. Koon, 34 F.3d 1416, 1437 (9th Cir.1994), petition for cert. filed, 63 USLW 3756 (U.S. Apr. 10, 1995) (No. 94-1664); cf. King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992). Moreover, Davis had no right to representation by counsel who did not wish to represent him. See Wheat, 486 U.S. at 1159, 108 S.Ct. at 1697.
 
 
 7
 Because Davis's attorney, Mannis, had apparently not communicated with him for two months, and had not instructed anyone in his office to contact Davis to explain the nature of the delay, Davis had filed (or was considered by the State Bar to have filed) a complaint against Mannis, which was still pending the day of the second trial. Mannis perceived a conflict, felt uncomfortable about representing Davis under the circumstances, and did not really want to do so. Cf. Wheat, 486 U.S. at 159, 108 S.Ct. at 1697; Cuyler v. Sullivan, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). In effect, the trial court released him. The mix of the conflict between Mannis and Davis and Mannis's own reluctance to go forward made this a rather poor issue for appeal. In short, Davis failed to establish that appellate counsel was ineffective for failing to raise the issue.
 
 
 8
 (b) Davis's argument that the admission of reputation evidence denied his constitutional right of confrontation is meritless. Davis received a jury trial and was allowed the opportunity to cross-examine each witness. Oregon's evidentiary rules specifically permit the use of opinion or reputation testimony as to truthfulness to impeach the credibility of a witness. Or.Evid.Code 608; see also State v. Miller, 628 P.2d 444, 449 (Or.App.1981). The fact that Davis did not ask either his probation officer or the detective any questions was a tactical decision, not a violation of either his due process rights or Oregon's evidence code. Appellate counsel's failure to raise this meritless issue on appeal was not ineffective assistance of counsel.
 
 
 9
 (c) Finally, Davis fails to make a showing that Judge Gallagher was prejudiced against him. He points only to the letter the judge sent to the Oregon State Bar regarding the complaint against Mannis. But because Judge Gallagher recused himself immediately after Davis became aware of the letter, and before the second trial had begun, any prejudice to Davis was cured by the recusal. The only argument Davis has left is that Judge Gallagher's bias against him caused him to remove Mannis as counsel, but, as we have already said, that removal was not a viable appeal issue.
 
 
 10
 2. Davis argues that the prosecution failed to comply with Brady[1] by failing to release exculpatory material to the defense. Impeachment evidence is subject to the Brady disclosure obligation provided that it is material. United States v. Bagley, 473 U.S. 667, 676-78, 105 S.Ct. 3375, 3380-81, 87 L.Ed.2d 481 (1985). "To be material under Brady, undisclosed information or evidence acquired through that information must be admissible." United States v. Kennedy, 890 F.2d 1056, 1059 (9th Cir.1989), cert. denied, 494 U.S. 1008, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990). In its order denying Davis's post-conviction relief, the Oregon Circuit Court found that the victim, Garrett, did not have a criminal record at the time of Davis's trial; her uncharged criminal conduct could not therefore have been admitted. See Or.Evid.Code Rules 608 & 609.
 
 
 11
 Davis also fails to show that the evidence would have been admitted to demonstrate impeachment for bias or interest. See Or.Evid.Code 609-.1. He presents no evidence that the prosecution "cut a deal" with Garrett. Cf. United States v. Endicott, 803 F.2d 506, 514 (9th Cir.1986), cert. denied, 498 U.S. 989, 111 S.Ct. 529, 112 L.Ed.2d 540 (1990). In addition, Garrett testified against Davis at his first trial, well before the prosecutor learned of her credit card charges. There is no indication that her story changed between trials. Independent testimony confirmed Garrett's account of the sexual abuse. Cf. Willhoite v. Vasquez, 921 F.2d 247, 249 (9th Cir.1990).
 
 
 12
 Davis also speculates that information from the police report about Garrett might have led him to his victim's victims, who might have testified about her character. Or, he says, perhaps he could have elicited character testimony about her from the investigating officer. We are dubious that the officer would have had sufficient knowledge about her to permit him to testify about her character. State v. Marshall, 823 P.2d 961 (Or.1991), upon which Davis relies, does not hold that an investigating officer can testify about reputation. It deals with someone from a community who had known of the victim for two years, and that someone was not a police officer. Similarly, it is far from obvious that a victim of a credit card fraud would have "sufficient acquaintance with" Garrett's reputation to form an opinion. See State v. Caffee, 840 P.2d 720, 722 (Or.App.1992), rev. denied, 846 P.2d 1161 (Or.1993). Moreover, although the victims have been known for some time now, there is no indication that they in fact knew her reputation in the community or that they had sufficient knowledge to form an opinion about her character. Essentially, the victims were the doctors whose names were used and the credit card companies. No doubt they would have a negative attitude about her, but there is not the slightest indication that they had any acquaintance at all with her. See Alvarez v. United States, 282 F.2d 435, 438 (9th Cir.1960) (evidence excluded where lack of acquaintance). Also, if character was of such import to Davis' defense, he fails to explain why relatives or other witnesses from the community were not called to speak to Garrett's character. In short, while a release of information would have been the far better practice, we are unable to say that the absence of this particular information had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1718, 123 L.Ed.2d 353 (1993) (citation omitted).
 
 
 13
 AFFIRMED.
 
 REINHARDT, Circuit Judge, concurring:
 
 14
 I concur in the disposition with some misgivings. I am not as certain as my colleagues that there was no Brady violation. It would appear that the prosecution succeeded in delaying the taking of the victim's guilty plea until after the defendant's trial. It then withheld information that might well have been of great practical use to the defendant.
 
 
 15
 The outcome of the trial hinged essentially on credibility. It was the defendant's word against the victim's. If the jury had concluded that Garrett's credibility was dubious, Davis might well have been acquitted. Instead, he stands convicted of a most serious offense and is held under a 30-year sentence. I am particularly uncomfortable that our disposition states that we doubt that the police officer who investigated Garrett's criminal activities had sufficient knowledge about her to permit him to testify about her character. In this same trial, the state called a detective who was familiar with Davis' criminal activities to testify about his character and reputation. In the end, Davis' failure to present an affidavit showing that there actually were witnesses who would have been able to testify as to Garrett's reputation for truthfulness is probably the greatest weakness in his claim. Nevertheless, the conduct of the prosecution raises serious questions and I have some lingering doubts as to whether Davis' rights were violated.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)