DEHOOG, P. J.
*749 *560 The state petitions for reconsideration of our decision in State v. Mackey , 290 Or.App. 272, 414 P.3d 443 (2018), in which we reversed and remanded the trial court's judgment of conviction based upon the court's erroneous exclusion of evidence regarding the alleged victim's character for untruthfulness. The state argues that our former opinion overlooked additional explanation that the trial court gave for its ruling and that our holding rested on that misunderstanding of the record. The state further argues that, if we adhere to our former opinion, the proper remedy would be a limited remand, rather than a reversal for new trial. Although we agree with the state that our former opinion did not include the trial court's additional explanation, we disagree that our holding rested on an incorrect understanding of the record. We also disagree that a limited remand is the appropriate disposition in this case. We therefore allow the petition for reconsideration, modify our previous opinion in the manner described below, and adhere to it as modified.
We modify our former opinion by inserting the following after the block quote at 290 Or.App. at 277, 414 P.3d 443 :
"And, shortly thereafter, when defense counsel further explained his objection to the exclusion of that testimony, the trial court stated:
" 'Objection understood. I just want to clarify that the--certainly they haven't known each other all their lives. They testified to about two years, and in light of the fact that he was only able to think of two instances, that, to me, tells me that the quality of the contacts were not sufficiently robust enough or frequent enough to have developed an opinion about truthfulness that's supportable to be presented at trial.' "
We further modify our former opinion by replacing the third sentence of the first full paragraph at 290 Or.App. at 278 with the following: "That relationship was not meaningfully less recent or lengthy than the victim's relationship with defendant's mother, whom the trial court permitted to testify."
Finally, we modify our former opinion by replacing the second full paragraph at 290 Or.App. at 279, 414 P.3d 443 with the following:
*561 "In articulating why, in its view, the relationship between defendant's father and the victim was inadequate to allow him to form a personal opinion regarding her character for untruthfulness, the trial court summarily characterized the relationship between the two as 'one in passing.' Although the trial court later reasoned that the specific instances that the witness described were not 'sufficiently robust enough or frequent enough' for him to have formed an admissible opinion, the court's assessment of those factors did not, as we explain below, comport with our decision in Maxwell . See id . at 154-55 (recognizing frequency and recency of contacts as factors the court may consider in exercising its discretion under OEC 608(1) ). Thus, the trial court's otherwise appropriate consideration of those factors cannot, standing alone, support the court's decision to exclude the testimony of defendant's father."
We adhere, however, to our earlier disposition of the case. As the state observes in its petition for reconsideration, our opinion notes that the trial court appears to have relied in part on its own assessment of the father's credibility in concluding that defendant had not laid a sufficient foundation, 290 Or.App. at 279, 414 P.3d 443. Accordingly, the state argues that any error that the trial court may have committed by considering an improper factor would be a procedural error more properly addressed by a remand for the trial court to conduct a proper analysis. See State v. Baughman , 361 Or. 386, 410, 393 P.3d 1132 (2017). We disagree. Although our observation highlighted the difference between proper and improper considerations under OEC 608(1), our conclusion that the trial court had erred did not rest on the court's improper reliance on its own assessment of the character witness's credibility. See Mackey , 290 Or.App. at 280, 414 P.3d 443 (stating that "[f]or each of those reasons, the trial court abused its discretion in excluding the testimony of defendant's father" (emphasis *750 added) ). We therefore decline to modify our disposition as the state requests.
Reconsideration allowed; former opinion modified and adhered to as modified.