646 May 22, 2024 No. 332

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PLACIDO SALVADOR SOLANO,
aka Placido Salvadorsolano,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CR05482; A177959

Todd L. Van Rysselberghe, Judge.

Argued May 24, 2023.

Ryan T. O'Connor argued the cause for appellant. On the briefs were Margaret V. Huntington and O'Connor Weber LLC.

David B. Thompson, Assistant Attorney General, argued the cause and filed the brief for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

Pagán, J., dissenting.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of sexual abuse in the first degree of his cousin, O. ORS 163.427. In his first assignment of error, defendant contends that the trial court erred by admitting O's hearsay statements under OEC 803(18a) because O was an adult at the time of trial and thus does not fall under that exception.[1] Applying our recent case law, we conclude that the trial court did not err in admitting those statements. Defendant next combines several assignments of error, arguing that the trial court erred by excluding three witnesses' opinions of the victim's character for truthfulness under OEC 608(1).[2] Defendant makes two arguments in support of this combined assignment. First, defendant argues that the court abused its discretion by misapplying the controlling law. We reject that argument on its merits. Second, defendant argues that the court erred because it failed to distinguish that O's character for truthfulness was being challenged both at the time that she was a hearsay declarant and when she was testifying as a trial witness. We conclude that that argument is not preserved and therefore do not reach it. In his final assignment of error, defendant contends that the trial court erred by admitting impermissible "vouching" testimony when it allowed the state's witnesses to use the term "disclosure" when referring to O's allegations against defendant. We reject that argument on the merits. For the following reasons, we affirm the trial court judgment.

The facts on appeal are largely procedural and, for the purpose of this appeal, not substantially in dispute.

---

[1] OEC 803(18a) provides, in relevant part:

"(b) A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005 *** is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made or was 65 years of age or older when the statement was made.

"*****

"(d) This subsection applies to a child declarant, a declarant who is an elderly person as defined in ORS 124.050 or an adult declarant with a developmental disability."

[2] OEC 608(1) provides that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation."

Defendant and O are cousins. In 2018, when O was 17 years old, she disclosed to the Children's Center that defendant had sexually abused her when they attended a family sleepover as children, ten years earlier, in 2008. That disclosure led to an investigation and indictment of defendant for first-degree rape (Count 1) and first-degree sexual abuse (Count 2). In part due to COVID-19, the trial was not scheduled until three years later, in 2021. At trial, the state planned to call O, who was by that time an adult, to testify about the alleged abuse she suffered from defendant. The state also planned to introduce O's hearsay statements made during the 2018 Children's Center interview where O initially disclosed the abuse. In other words, the state sought to introduce O's statements both as a trial witness and as a hearsay declarant.

Defendant made several pretrial motions to exclude that evidence. First, defendant moved to exclude, as improper vouching, any reference to O as a "victim" and any reference to O's allegations against defendant as "disclosures." The trial court granted that motion as to defendant's objections to the term "victim" but denied defendant's motion as to the term "disclosures."[3] Defendant also moved to exclude O's hearsay statements altogether, arguing that O no longer qualified as a "child declarant" under OEC 803(18a), which the trial court denied. To rebut O's statements, defendant sought to call several of O's family members—who had not had contact with O for three years—to testify about O's character for truthfulness. Over defendant's objection, the trial court excluded that testimony for lack of foundation, noting in particular the witnesses' lack of recent contact with O. A jury ultimately convicted defendant of first-degree sexual abuse (Count 2). Defendant now appeals from that judgment.

*Child declarant exception to hearsay.* Defendant first assigns error to the trial court's admission of O's hearsay statements under the "child declarant" exception to the rule against hearsay. OEC 803(18a)(b), (d). That exception allows for "admission of out-of-court statements made by a 'child declarant' concerning acts of sexual abuse, if 'the

---

[3] The trial court originally granted, in part, defendant's motion as to the term "disclosure." When the issue was raised again, the court concluded "there won't be any restriction on that term['s] use in trial."

declarant' testifies as a witness at trial and is subject to cross-examination." *State v. Juarez-Hernandez*, 316 Or App 741, 744, 503 P3d 487, *rev den*, 369 Or 856 (2022). Defendant argues that the trial court erred by admitting O's hearsay statements that she made to the Children's Center because O was an adult at the time of trial, and thus did not qualify as a "child declarant" under the rule. We rejected that argument in *Juarez-Hernandez*. *Id.* at 754. Admissibility under OEC 803(18a)(b) and (d) turns on the age of the declarant when the statements were made, regardless of the declarant's age when testifying at trial. *Id.* The trial court did not err because O was 17 years old at the time she made the statements.

*Exclusion of character witness testimony.* Defendant next raises several assignments of error in which he contends that the trial court erred by excluding three witnesses' opinions of O's character for truthfulness under OEC 608(1) for lack of foundation. The state responds by noting the three-year gap in time between the witnesses' last contact with O and the associated lack of recent knowledge of her character. *See State v. Paniagua*, 268 Or App 284, 290, 341 P3d 906 (2014) ("[T]he proponent must demonstrate that the contact was 'sufficiently recent so that there will be a current basis for the testimony.'" (quoting *State v. Caffee*, 116 Or App 23, 27, 840 P2d 720 (1992), *rev den*, 315 Or 312 (1993))). We review a trial court's OEC 608(1) ruling for abuse of discretion. *Caffee*, 116 Or App at 27. "Discretion" refers to "the authority of a trial court to choose among several legally correct outcomes." *Truong v. Premo*, 291 Or App 164, 192, 419 P3d 740 , *rev den*, 363 Or 677 (2018) (internal quotation marks omitted).

Defendant first argues that the court abused its discretion by excluding testimony regarding O's character for truthfulness because "the trial court treated 'recency' as an element independent from 'frequency' that defendant had to establish in order to admit the testimony." Defendant contends that the proper focus of the analysis is instead on the testimony's probative value as a whole, and that in this case, the witnesses' lifelong, frequent, and prolonged contacts with O should obviate the requirement that the witnesses must have had recent contact with O.

We disagree that the court erred in considering the recency of the witnesses' contact with and their current knowledge of O's character for truthfulness.

In *State v. Maxwell*, we explicitly held that a trial court must consider frequency *and* recency when determining the probative value of character testimony under OEC 608(1). 172 Or App 142, 154-55, 18 P3d 438, *rev den*, 332 Or 559 (2001) ("The admissibility of evidence of prior character to prove present character depends on whether, in the discretion of the trial court, the contacts on which the opinion is based are frequent enough *and* recent enough to have probative value to the testimony." (emphasis in original)). In *Maxwell*, we concluded that, as to a particular offer of an opinion of someone who had known the witness three years prior to the trial,

> "the trial court could properly conclude that [the offered] opinion about [the witness's] character for truthfulness was based on contacts so remote that they would not ordinarily create an impression about character, particularly when the issue was [the witness's] character at the time of trial."

*Id.* at 155. As a result, we held that the trial court had not abused its discretion in excluding that offered opinion or others that were not based on sufficiently recent contacts. *Id.* at 155-56.

Here, the trial court evaluated whether the witnesses' contact with O was sufficiently recent to be probative of their present opinion of O's character, given the three-year gap in contact, and concluded that it was not. The trial court properly applied the standard articulated in *Maxwell* and did not abuse its discretion in doing so.

Defendant also argues that the court erred by excluding testimony regarding O's character for truthfulness at the time that O made the statements to the Children's Center *as a hearsay declarant*, which defendant asserts was admissible under OEC 806.[4] Defendant contends that he offered the testimony to impeach O's character

---

[4] OEC 806 provides, in relevant part, "When a hearsay statement *** has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness."

for truthfulness at two different critical times: (1) when O made statements as a hearsay declarant during the 2018 Children's Center interview and (2) when O testified as a trial witness. On appeal, defendant argues that to establish "recent" contacts for an opinion of O's character as a hearsay declarant under OEC 806, the court must consider the witnesses' contacts with O at the time that O made the hearsay statements, not at the time of trial, as the trial court did.

The state notes that defendant never contended in the trial court that the relevant time for assessing O's character for truthfulness was at the time that O made her hearsay statements. Thus, the state contends, the trial court only considered that the proposed character testimony would "target O's veracity as a trial witness" at the time of trial under OEC 608. As we explain, we agree with the state that defendant's argument is not preserved and, therefore, do not reach the merits of it.

Whether an argument has been preserved "turn[s] on whether, given the particular record of a case, the court concludes that the policies underlying the [preservation] rule have been sufficiently served." *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009). The policies underlying the preservation rule are: "to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record." *State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015).

We begin by acknowledging that defendant at least generally argued to the trial court that it should evaluate "the recency of the character witnesses' contacts with [O] at the time [O] made her out-of-court statements." The record reflects that defendant presented that issue to the court when defense counsel stated, "The issue should be the recency of the allegation—the recency of the opinion at the time of the allegation." But, when viewed within the broader record, it becomes clear that defendant made that argument squarely in the context of O *as a testifying trial witness* under OEC 608(1). Only now on appeal does defendant present the argument in the context of O as a hearsay declarant under OEC 806.

The record does not reflect that defendant sought to impeach O as a hearsay declarant under OEC 806 in the first instance. Relatedly, defendant never discussed or argued to the trial court how O's status as both a hearsay declarant under OEC 806 and a trial witness under OEC 608(1) might affect the "recency" requirement. Instead, defendant's argument was always squarely made in the context of OEC 608(1). For instance, when defendant argued to the trial court that "[t]he issue should be the recency of the allegation—the recency of the opinion at the time of the allegation," defendant was not distinguishing the "recency" requirement for hearsay declarants as opposed to trial witnesses. To the contrary, defendant had just argued that *Paniagua* (applying OEC 608(1) "recency" requirement to a trial witness) was wrongly decided:

> "I think this *Paniagua* case is a little too focused—or at least Kirkpatrick's summary of *Paniagua*

> "* * * * *

> "—is a little too focused. It shouldn't just be about how recent the contacts are. It should be about the nature of the contacts in that person's lifetime, and to the extent that that case requires recency, it is wrongly decided.

> "The issue should be the recency of the allegation—the recency of the opinion at the time of the allegation."

Defendant then pointed out that the trial had been delayed three years due to "separate trial or co-defendant issues, motions to suppress, and then the Coronavirus" and insisted that "character evidence cannot be about that kind of delay that's outside the purview of the [d]efendant." Consistent with that interpretation of defendant's argument, defendant noted to the trial court that "if recency is the issue, then if we would have asked for a speedy trial and tried to push it through, then maybe we would have had that evidence." Those statements, when taken together, are not consistent with the argument that defendant now makes on appeal under OEC 806, and were not "'specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct the error immediately.'" *Clemente-Perez*, 357 Or at 752 (quoting *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)).

We respectfully disagree with the dissent's contention that defendant generally preserved the "issue" of the recency of the character witnesses' knowledge of O's character for truthfulness, which the dissent contends was sufficient to preserve the issue under our case law. The barrier to applying that principle here is that defendant's argument on appeal has shifted from the particular argument that he made in the trial court. As noted, in the trial court, defendant and the state argued about the application of the case law construing OEC 608 and how to judge the recency of time between the character witnesses' last contact with O and the time that O appeared at trial to testify. The trial court addressed that issue.

Defendant now contends that the trial court should have instead considered the issue under OEC 806 when the testifying witness O had also made earlier hearsay statements that are admitted at trial. Defendant now contends that, under those circumstances, the court should have applied OEC 806 and considered the recency of the character witnesses' knowledge of O's character for truthfulness at the time that O was a hearsay declarant making her earlier pre-trial disclosures. Whatever the merits of that argument, it was different from the one specifically made at trial and requires a different analysis. The trial court would not have recognized that OEC 806 and O's role as a hearsay declarant were at issue. As a result, we decline to address the merits of the argument, and reject it as unpreserved. *Clemente-Perez*, 357 Or at 752.[5]

*Use of the term "disclosure."* In defendant's final assignment, he contends that the trial court erred by admitting impermissible "vouching" testimony when it allowed the state's witnesses to use the term "disclosure" when referring to O's allegations against defendant. We review whether a trial court admitted impermissible vouching evidence for legal error. *State v. Brand*, 301 Or App 59, 66, 455 P3d 960 (2019), *rev den*, 366 Or 259 (2020).

Defendant compares this case to *State v. Sperou*, where the Supreme Court concluded that, in certain

---

[5] Defendant does not request that we should nevertheless undertake plain-error review. We decline to do so.

contexts, a witness's "use of the term 'victim' *may* constitute vouching and undercut the presumption of innocence." 365 Or 121, 134, 442 P3d 581 (2019) (emphasis in original). Specifically, the court concluded that a witness's use of the term "victim" to describe the accuser or accusers amounts to improper vouching "in circumstances where the accuser's own testimony is the only evidence that the alleged criminal conduct occurred." *Id.* at 132.

We decline to extend that holding to the term "disclosure" in the context that it is presented to us here. Defendant argues that the term "disclosure" has "the connotation of exposing previously hidden but truthful information" and thus "[t]he jury would understand the use of the word * * * as a comment on the credibility of the accuser and of what was being revealed." We disagree. As the state points out, a "disclosure" may refer to the disclosure of information that may ultimately be true or false. *See generally Gorham v. Thompson*, 332 Or 560, 563, 34 P3d 161 (2001) (noting that inappropriate questioning of children may lead to "false disclosures of sexual abuse"). The term itself does not express that the disclosed information is necessarily true or false. Rather, it suggests that the information was not previously shared. *See Webster's Third New Int'l Dictionary* 645 (unabridged ed 2002) (defining "disclose" as "to expose to view" or "to make known" or "open up to general knowledge").

Thus, a witness who uses the term "disclosure" does not necessarily vouch for the credibility of an accuser who makes a disclosure that they have been abused. *See State v. Black*, 364 Or 579, 587-88, 437 P3d 1121 (2019) (explaining that "impermissible vouching is measured by whether it conveys one witness's opinion of the truthfulness of another witness"). On this record, the trial court did not err.[6]

In sum, we summarily reject defendant's first assignment of error in light of *Juarez-Hernandez*. We reject defendant's assignments of error in which he contends that

_____

[6] We do not address, nor do we foreclose the possibility that the term "disclosure" may, in some instances, constitute improper vouching. *See Sperou*, 365 Or at 128. ("Some vouching is subtler, and certain statements might be vouching in some contexts but not others. Accordingly, it is important to consider each statement in the context in which it was made.").

the trial court erred in excluding the testimony of certain character witnesses who, at the time of trial, lacked recent contact with O, because the trial court properly applied existing law to reach a legally permissible outcome. We reject defendant's final assignment of error because we decline to extend *Sperou* to the circumstances of this case.

Affirmed.

**PAGÁN, J.,** dissenting.

I join in all the majority's conclusions but one: I would find that trial counsel sufficiently preserved the second through ninth assignments of error and would address the combined issues on the merits.

In *State v. Wyatt*, the Oregon Supreme Court reiterated that when we consider preservation for appeal, what is most important is identifying the issue or error, secondarily to that the source for the claimed position, and least important the argument supporting the assignment. 331 Or 335, 341, 15 P3d 22 (2000) (citing *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988)). We have also stated that while we liberally construe arguments for the purposes of preservation, a litigant must identify with at least some specificity what the issue is to ensure that a lower court and adversary may properly confront the claimed error. *See State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015) (citing *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008)). The record here demonstrates that defendant specifically, and, thus, properly, raised the issue and arguments he now raises on appeal.

Defendant wanted to present several witnesses who would testify that, at the time of the allegations, the victim had a character for not telling the truth. In response to this proffer, the state argued to the court that our case law required the trial court to examine two things about the relationship between the character witness and the target of their testimony: (1) the frequency of contacts; and (2) the recency of those contacts. *State v. Paniagua*, 268 Or App 284, 290, 341 P3d 906 (2014). Regarding recency, defendant argued that the proffered witnesses' testimony was relevant to the time period when the victim made the allegations and

that using the trial as the only measuring point was unfair because it had been delayed three years. The state responded that the duration and recency test precluded looking at the recency beyond the trial date, and instead to heed the case law that stated "such contact must be sufficiently recent to *provide a current basis for the testimony." State v. Mackey*, 290 Or App 272, 275-76, 414 P3d 443, *adh'd to as modified on recons*, 293 Or App 559, 429 P3d 748 (2018) (emphasis added). Counsel for the state repeated the italicized line to emphasize to the court that looking to the time of the allegations was precluded by our case law.

The court, in response to these arguments, stated two important conclusions for this appeal: first, the court rejected the argument that recency should be looked at in relation to the allegations, stating:

"[According to defendant] the present reputation is not the issue, it should be the reputation or character at the time that the statements were made, but I don't believe that's consistent with the law, and I didn't see any analysis in the cases that I looked at that applied or approached the issue that way."

Second, the court defended its finding that three years is too distant for recency, which led to it precluding the witnesses. The first conclusion by the court demonstrates the preservation of this argument.

We have previously gauged a trial court's response to an argument to determine whether it understood the argument to be the one raised on appeal. *Putnam v. Board of Parole*, 290 Or App 436, 439-40, 417 P3d 524 (2018) ("Ultimately, the board's response to petitioner's request for administrative review indicates the board understood [petitioner's argument] *** That is, petitioner identified the issue with enough clarity that it does not appear that the board would have been taken by surprise, misled, or denied the opportunity to meet petitioner's argument."). The trial court here understood defendant to be arguing that the several witnesses had sufficient contacts with the victim at or around the time of the allegations, and that the focus should not be solely on the trial date, and the court rejected that under our current case law.

On appeal, for the first time, defendant's counsel cited OEC 806 for the proposition that hearsay declarants may be challenged in a similar manner to testifying witnesses. That contextual citation appears to be the basis for the majority's finding that the assignment of error was not preserved. But OEC 806 is just the codification of a doctrine we would likely apply without its existence: that all evidence is subject to attacks on its credibility, including hearsay declarants. In *Dept. of Human Services v. T. M. G.*, 307 Or App 117, 124-25, 475 P3d 936 (2020), we held that a generalized objection to a juvenile court was insufficient to preserve a statutory authority argument on appeal. We did so because a statutory authority argument may require a statutory interpretation analysis, legislative history, and other factual and legal issues that support requiring a more articulated objection to preserve such an issue for appeal. *Id.* By contrast, without a citation to OEC 806, defendant's argument has the same thrust and authority: if the underlying sentiment is for character or reputation evidence to be probative, and our factors are designed to ensure the probative value by adding qualifiers such as frequency and recency of contacts, it stands to reason that such measurements should be made from the relevant point in time, which could, and in this case did, include the pre-trial allegations being challenged as not credible.

Having found that the argument was preserved, I would address the issue on the merits and reverse, finding that the court erred in excluding the witnesses' testimony regarding the character for truthfulness of the victim at or around the time she initially made the allegations against defendant. I would further conclude that whether those allegations were made to investigators, doctors, or in front of a grand or petite jury would not affect that conclusion because it is the *recency in relation to the statement being admitted* that is important for fact-finder's consideration, and not timelines associated with litigation that are outside of the witnesses' and defendant's control. I respectfully dissent.