Argued and submitted March 31, 1999, affirmed March 8, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY ANDERSON SPRY,
*Appellant.*

(10-96-06248; CA A96849)

999 P2d 485

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender. Gary Anderson Spry filed the supplemental brief *pro se*.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals from his convictions of first-degree burglary, menacing and second-degree criminal mischief. Through his counsel's brief and a separate *pro se* supplemental brief, defendant makes a combined total of 10 assignments of error. We discuss only one of the assignments, and we affirm.

Defendant was in custody and was subject to the release requirement of ORS 136.290(2),[1] unless his trial began by January 16, 1997. Between the time of defendant's arrest and January 16 five separate attorneys had been appointed to represent him and four had withdrawn, primarily due to defendant's refusal to cooperate with them. After at least one earlier trial date had been postponed because of the changes in counsel, and in light of defendant's refusal to consent to an extension of the 60-day time for trial, the case was set to be tried on January 16. On that morning, defendant's fifth attorney, Kent, moved to withdraw on the ground of defendant's refusal to cooperate. After the attorney was allowed to withdraw, the following colloquy took place between the court and defendant:

"THE COURT:   Do you desire to proceed without an attorney?

"MR. SPRY:   No, your Honor, I do not.

"THE COURT:   Could you tell me why you desire not to proceed without an attorney?

"MR. SPRY:   Well, your Honor, Mr. Kent —

"THE COURT:   I don't want any relations between you and Mr. Kent. That's between you and Mr. Kent.

---

[1] ORS 136.290 provides:

"(1) Except as provided in ORS 136.295, a defendant shall not remain in custody *pending commencement of the trial of the defendant* more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant.

"(2) If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on the own recognizance of the defendant, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."

"Did Judge Leonard when he assigned this case out, did he talk to you about not having an attorney?

"MR. SPRY: No, he did not. He just said in his courtroom about an hour ago that he granted the motion for Mr. Kent to withdraw and he also granted the fact that I would be given my trial today. That's all I know, your Honor.

"\* \* \* \* \*

"THE COURT: If you're not giving up your right to a fast and speedy trial it is necessary to proceed to trial today but you are acting as your own attorney."

The court then procured the services of an attorney to assist defendant as his "legal advisor," and the trial proceeded on that basis.

Defendant phrases his assignment of error as being that the "trial court erred by failing to obtain a valid waiver of counsel." We conclude that the answer to his argument is substantially the same as the response that we made to an analogous argument in *State v. Lingren*, 79 Or App 324, 327, 719 P2d 61 (1986):

"Defendant's argument focuses on the judge's failure to determine whether his choice to proceed without counsel was made with full knowledge of his rights. *State v. Verna*, 9 Or App 620, 498 P2d 793 (1972). This is not a case, however, where the defendant has waived his rights. *See State ex rel Juv. Dept. v. Afanasiev*, 66 Or App 531, 674 P2d 1199 (1984). Rather, the question is whether the trial court abused its discretion in forcing defendant to proceed without counsel and in refusing to allow another delay so that defendant could continue his efforts to secure counsel. We conclude that it did not. As we said in *State v. Schmick*, 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983), the right to counsel must be balanced against the state's need to conclude the case in a timely manner. We held in *Schmick* that a defendant who is not indigent may be compelled to go to trial without counsel if he has failed to obtain counsel at the time of trial after a reasonable opportunity to do so, 62 Or App at 232. We see no basis for a distinction here. Defendant, who was advised at his arraignment of his right to court-appointed counsel, did not seek court-appointed counsel or obtain counsel of any type despite a

reasonable opportunity to do so. His failure to retain his own counsel or to apply for court-appointed counsel within the reasonable time given was his own doing. Our assessment, from reviewing the record, is that defendant was 'stroking' the system. He, alone, orchestrated the situation on which he now relies for a new trial."

*See also State v. Page*, 18 Or App 109, 523 P2d 1291, *rev den* (1974).

Here, the trial court did not err in requiring defendant to proceed to trial without counsel. The necessity of doing so was completely the result of defendant's refusal to cooperate with several court-appointed lawyers and his refusal to waive his right to trial in 60 days. Throughout this matter, defendant was repeatedly warned of the situation that he was creating by refusing to cooperate with counsel and refusing to waive his right to trial in 60 days. He was given a reasonable opportunity to avoid the necessity of going to trial without counsel. Nonetheless, he chose a course of action that resulted in just that. The trial court's action in requiring defendant to proceed without counsel was not error.

Affirmed.