Submitted on record and briefs September 5, affirmed October 31, 2007

## RAMON E. MOTA,
*Petitioner-Appellant,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
04073806M; A128702

170 P3d 1092

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner appeals a judgment dismissing his petition for post-conviction relief as a sanction for failing to participate in discovery. He contends that the post-conviction court lacked authority to dismiss the petition on that ground and that, in any event, the court failed to make necessary findings to support the dismissal. Petitioner also contends that the post-conviction court erred in declining to appoint substitute counsel. We affirm.

The relevant facts are not in dispute. Petitioner was convicted of a number of sex offenses. He filed a petition for post-conviction relief with the assistance of post-conviction counsel. The petition alleged inadequate assistance of criminal trial counsel on a variety of grounds, the details of which are not relevant to the disposition of this appeal. Defendant sought, and obtained, an order allowing a telephone deposition of petitioner.

At the beginning of the deposition, petitioner expressed concerns about his post-conviction counsel. The deposition was cancelled and reset. Counsel moved to withdraw, and a hearing was set on that motion. At the hearing, petitioner explained that he was dissatisfied with the fact that counsel had not raised in the petition all the issues that he wanted included. The court asked what issues had been omitted, but petitioner could not identify any. Petitioner insisted that he was not satisfied with counsel, but he did not request substitute counsel. The post-conviction court gave petitioner the choice of continuing with his appointed counsel or representing himself. Petitioner refused to proceed with appointed counsel. Accordingly, the court allowed the motion to withdraw and informed petitioner that he would have to represent himself. Petitioner replied, "Well that's alright. The sooner I get to the federal—the federal justice the better."

Defendant asked for, and obtained, a second order allowing a telephone deposition. At the deposition, however, petitioner refused to answer any questions and disconnected the telephone. Defendant moved to dismiss the petition on the ground that petitioner had refused to provide discovery.

As authority for the motion, defendant cited ORCP 46 B(2). Petitioner responded to the motion by asserting that he would not participate in the deposition without counsel. He did not argue that the court should impose a lesser sanction than dismissal. Nor did he request findings. The post-conviction court granted defendant's motion.

■ On appeal, petitioner first contends that the post-conviction court lacked authority to dismiss the petition under ORCP 46 B(2) because there was no order compelling him to answer questions at the deposition and because the court neglected to make findings sufficient to allow meaningful appellate review, as required in *Pamplin v. Victoria*, 319 Or 429, 436, 877 P2d 1196 (1994). Defendant responds that neither argument was preserved. We agree.

■ Petitioner never suggested to the post-conviction court that it lacked authority to impose the sanction of dismissal. Nor did he suggest that a lesser sanction was appropriate or that any particular findings were required. As the Supreme Court explained in *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000),

> "[w]hen, as here, a party subject to a sanction for a discovery violation does not deny at trial that it is subject to *some* sanction, its failure to object to the particular sanction imposed by the judge or, in the alternative, to argue for some other sanction, fails to preserve a claim on appeal that the judge erred in failing to consider the availability of a less onerous sanction."

(Emphasis in original; footnote omitted.) *See also Peeples v. Lampert*, 209 Or App 17, 22, 146 P3d 352 (2006), *rev allowed*, 342 Or 473 (2007) (argument on appeal that trial court failed to make findings required by *Pamplin* is subject to basic rules of preservation and waiver).

■ ■ Petitioner next contends that the post-conviction court erred in failing to appoint substitute counsel. Defendant responds that petitioner did not preserve that claim, either. In any event, defendant argues, the post-conviction court did not abuse its discretion in declining to appoint substitute counsel. We agree with defendant.

It is doubtful that petitioner preserved his claim of error. There was no motion for substitute counsel. And, when the post-conviction court advised petitioner that he would have to proceed on his own, petitioner replied, "Well that's alright. The sooner I get to the federal—the federal justice the better." But, assuming that petitioner's protestations during discovery could be construed as a request for substitute counsel, we are unpersuaded that the post-conviction court abused its discretion. *Temple v. Zenon*, 124 Or App 388, 392-93, 862 P2d 585 (1993) (finding no abuse of discretion when the court declined to appoint substitute counsel in post-conviction proceeding when the petitioner's only complaint was that counsel failed to add numerous claims to the petition).

Affirmed.