Submitted August 5, reversed and remanded December 14, 2011

ROBERT BAILEY,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
09097619P; A146429

269 P3d 80

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Duncan, Judge.

DUNCAN, J.

.

## DUNCAN, J.

Petitioner appeals the trial court's judgment denying his petition for post-conviction relief. Applying our recent decision in *Knox v. Nooth*, 244 Or App 57, 260 P3d 562 (2011), we conclude that the trial court erred in denying petitioner's request for substitute counsel and requiring petitioner to proceed *pro se*. Accordingly, we reverse and remand.[1]

The relevant facts are few and undisputed. After being convicted of eight counts of encouraging child sex abuse in the second degree, ORS 163.686, petitioner filed a petition for post-conviction relief. *See* ORS 138.510 - 138.680 (establishing procedures for post-conviction relief claims). The trial court appointed an attorney, Mahony, to represent petitioner. Mahony filed a formal petition for post-conviction relief, alleging three claims of ineffective assistance of trial counsel.

Petitioner believed that Mahony needed to amend the petition to include additional claims. On February 18, 2010, after Mahony refused to amend the petition, petitioner filed a motion, as required by *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), asking the trial court to replace Mahony or instruct Mahony to amend the petition.[2]

At a hearing on March 8, 2010, petitioner told the trial court that he "really [did not] want to have Mr. Mahony any longer." The trial court informed petitioner that, if Mahony did not represent him, petitioner's "other option" was to represent himself.

Regarding petitioner's request that he amend the petition, Mahony told the trial court that he had not amended the petition because petitioner had not provided him with requested information. Mahony explained:

---

[1] Because we reverse and remand based on petitioner's assignment of error regarding the trial court's denial of his right to counsel, we do not reach his other assignment of error.

[2] Under *Church*, a post-conviction relief petitioner who believes that his counsel has "failed to follow any legitimate request" cannot "sit idly by and later complain" but instead "must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request." 244 Or at 311-12.

"I wrote [petitioner] * * * and I said please explain with particularity why each of the 21 claims is a legitimate claim to be included in a formal petition. And I went through each one of the 21 claims and asked [petitioner] why; and I asked [petitioner] to send me a copy of each and every statement that [petitioner] believe[d] would've been suppressed had a motion been filed, and copies of discovery that was not provided by [trial counsel]; and why [petitioner] believed the plea was not knowing, voluntary, or intelligently made."

Mahony told the trial court that petitioner had "refused to answer those questions." Mahony also told the trial court that he was "trying to figure out what the basis would be of these claims and why they're legitimate; and [petitioner] so far won't say why."

In response, petitioner told the trial court, "I have * * * explained every one of these claims [to Mahoney.] [H]e's asking me multiple times to give him the same explanation that I've already given him." Petitioner also told the trial court, "I don't want to go through this with somebody that I [have] to continually argue with over everything; over issues and exhibits that I might want put in and other things like that[.]"

The trial court responded that it would "allow Mr. Mahony to withdraw * * * and indicate that [petitioner would] be *pro se*." At that point, trial was scheduled to be held more than four months later, in July 2010.

Subsequently, on March 19, 2010, Mahony filed a motion to withdraw from petitioner's case. In the motion, Mahony stated that there had been a "complete breakdown in the attorney/client relationship."

At an April 2, 2010, hearing, the trial court allowed petitioner to file his amended *pro se* petition. At the end of the hearing, the trial court asked petitioner whether there were any other matters that needed to be addressed, and petitioner told the trial court that he had filed a motion for new counsel. Petitioner explained that, although he had amended his petition, he wanted to make sure that he "got everything correct" and that he had "any assistance [he] might need to get * * * other exhibits in and what not[.]" In response, the trial court told petitioner, "Well, this is what [another judge]

always says, if you want Mr. Mahony back, you can have him back but I'm not going to give you different counsel. So it's your choice." Petitioner replied, "I'll go by myself, I guess." The trial court subsequently issued an order granting Mahony's motion to withdraw on the ground that it was supported by "good cause."

On July 27, 2010, the case went to trial. At the beginning of the trial, petitioner renewed his request for substitute counsel and his objection to having to proceed *pro se*. The trial court noted petitioner's objection for the record. After trial, the trial court denied post-conviction relief, and this appeal followed.

On appeal, petitioner argues that the trial court erred by denying his request for substitute counsel and requiring him to proceed *pro se*. For the reasons explained below, we agree.

Under ORS 138.590, a petitioner in a post-conviction relief case has a right to appointed counsel. That right "serves an essential role in the fair and efficient resolution of post-conviction cases." *Knox*, 244 Or App at 65. A post-conviction court may deny a motion for substitute counsel and require a petitioner to proceed *pro se* "when the need for an orderly and efficient judicial process compels the court to do that." *Id.* at 69. We review a post-conviction court's decision denying substitute counsel and requiring a petitioner to proceed *pro se* for abuse of discretion. *Id.* at 64.

In *Knox*, we considered whether the post-conviction court abused its discretion by denying the petitioner's request for substitute counsel and requiring the petitioner to proceed *pro se*. The facts of *Knox* are strikingly similar to those of this case. In *Knox*, the petitioner believed that his appointed counsel had not included all necessary claims in his post-conviction petition and filed a motion, as required by *Church*, asking the trial court to either replace his counsel or direct his counsel to amend the petition. The petitioner's counsel moved to withdraw on the ground that there had been an " 'irreparable breakdown of the attorney/client relationship.' " *Id.* at 62. The trial court granted the motion to withdraw and required the petitioner to proceed *pro se*. The petitioner filed a motion for reconsideration, asking the court

to appoint substitute counsel or reappoint his former counsel, stating that he needed " 'the assistance and advice of counsel regardless of how perfunctory that attorney is.' " *Id.* The trial court denied the motion for reconsideration and, after trial, denied post-conviction relief.

The petitioner appealed, arguing that the trial court erred in denying his request for substitute counsel and requiring him to proceed *pro se*. We reversed, concluding that the trial court had abused its discretion. *Id.* at 69-70. In reaching that conclusion, we noted that the petitioner's request for substitute counsel concerned his first appointed counsel and was made about a month before the scheduled trial date (and the trial court later continued the trial for an additional four months). We also noted that the trial court appeared to have acted based on a "general policy" of denying requests for substituted counsel "without giving due consideration to the facts presented in each case." *Id.* at 69. We held that the trial court "could not reasonably conclude that granting [the petitioner's counsel's] motion to withdraw and ordering [the] petitioner to proceed *pro se*, rather than substituting another appointed counsel * * *, was necessary to achieve a fair, orderly, and efficient resolution of petitioner's post-conviction case." *Id.*

Applying *Knox*, we conclude that the trial court in this case abused its discretion by denying petitioner's request for substitute counsel and requiring petitioner to proceed *pro se*. Mahony was petitioner's first appointed counsel and petitioner's request for substitute counsel was made more than four months before trial was scheduled. The trial court did not identify, and the record does not reveal, any circumstances from which the trial court could reasonably conclude that requiring petitioner to proceed *pro se* was "necessary to achieve a fair, orderly, and efficient resolution of petitioner's post-conviction case." *Id.* Indeed, it appears that, as in *Knox*, the trial court's decision was based on a general policy of requiring petitioners to proceed either with their first appointed counsel or *pro se*. As described above, the trial court told petitioner that, if he did not proceed with Mahony, his "other option" was to proceed *pro se*, and that, in keeping with what another judge "always" said, petitioner could have Mahony back, but could not have substitute counsel. *See*

*State v. Farmer*, 210 Or App 625, 640, 152 P3d 904, *rev den*, 342 Or 645 (2007) (stating that "abuse of discretion may occur * * * when a court fails to exercise its discretion").

The state argues that the trial court did not abuse its discretion because petitioner's request for substitute counsel was based on petitioner's desire to amend the petition, which the trial court allowed him to do, and that, after petitioner amended the petition, he could have proceeded with Mahony but instead chose to proceed *pro se*. According to the state, "[u]nder the circumstances, it cannot be said that the [trial court] abused its discretion." We disagree. The record demonstrates that petitioner sought substitute counsel in order to help him properly plead and prove the allegations in his post-conviction petition, even after he had amended the petition himself. Specifically, at the April 2 hearing—after petitioner amended the petition—petitioner told the trial court that he wanted "help" and "any assistance [he] might need," to make sure that he "got everything correct" and "to get other exhibits in and what not[.]" At no point did petitioner abandon his request for substitute counsel. He first made the request in his motion filed on February 18, and he reiterated it at the hearings held on March 8 and April 2 and again at the trial held on July 27.

The trial court's offer to reappoint Mahony was not an adequate response to petitioner's continuing requests for counsel. Mahony had moved to withdraw from petitioner's case based on a "complete breakdown in the attorney/client relationship[,]" and the trial court had granted that motion. Absent any evidence that the relationship had changed, the trial court erred by responding to petitioner's request for replacement counsel by offering to reappoint the same counsel.

Reversed and remanded.