Submitted November 3, 2015, affirmed June 22, petition for review denied October 20, 2016 (360 Or 465)

ROBERT GOODLETTE,
*Petitioner-Appellant,*

*v.*

Tim CAUSEY,
Superintendent,
Shutter Creek Correctional Institution,
*Defendant-Respondent.*

Coos County Circuit Court
12CV0920; A156701

379 P3d 739

Jason Weber filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**DEVORE, J.**

In this petition for post-conviction relief (PCR), petitioner appeals the PCR court's judgment denying him relief. On appeal, petitioner assigns error to the court's denial of his motion for substitute counsel. We affirm.

In the underlying criminal case, petitioner was charged with felony fourth-degree assault, and an attorney, Parker, was appointed to represent him. After a bench trial, petitioner was convicted. Petitioner subsequently filed the PCR petition in this case, alleging, among other things, that Parker had failed to adequately represent him. An attorney, Goldman, was appointed to represent petitioner in the PCR case.

About one week before the scheduled PCR trial, petitioner filed a motion for substitute counsel. In support of the motion, petitioner filed an affidavit asserting that Goldman had failed to perform certain tasks that petitioner believed were necessary to prepare for the PCR trial and that his relationship with Goldman had broken down. Petitioner also submitted two letters: (1) a letter that he had received from Goldman responding to petitioner's trial preparation requests and (2) a letter that he had sent to Goldman in reply.

Petitioner did not request a hearing on his motion for substitute counsel, and the PCR court did not hold one. The PCR court denied the motion.

On the day of the scheduled trial, petitioner informed the court that he wanted to hire another attorney. At petitioner's request, the court allowed Goldman to withdraw and rescheduled the trial so that petitioner could retain counsel.

On the day of the rescheduled trial, petitioner appeared without an attorney, referring to the cost of another pending proceeding involving child custody. Petitioner did not ask the PCR court to appoint counsel. He represented himself at the PCR trial, after which the court denied post-conviction relief.

On appeal, petitioner assigns error to the PCR court's denial of his motion for substitute counsel. We review

a denial of a motion for substitute counsel for abuse of discretion. *Temple v. Zenon,* 124 Or App 388, 392, 862 P2d 585 (1993).

A PCR petitioner is entitled to suitable counsel. ORS 138.590. But, a PCR court is not required to appoint substitute counsel simply because a petitioner disagrees with his or her attorney's reasonable strategic choices about how to investigate and present the PCR case. *See State v. Langely,* 314 Or 247, 258, 839 P2d 692 (1992), *adh'd to on recons,* 318 Or 28, 861 P2d 1012 (1993) (a "simple loss of confidence or disagreement with counsel's approach to matters of strategy is not cause to substitute one appointed lawyer for another").

Here, petitioner informed the PCR court of his complaints against counsel by filing his motion and affidavit and presenting the two letters. Based on those documents, the PCR court could ascertain the substance of the complaints and conclude that they did not establish that Goldman was unsuitable. Specifically, the court could conclude that Goldman had made reasonable strategic choices regarding trial preparation and that the difficulties petitioner and Goldman had in their relationship, as described by petitioner, would not interfere with Goldman's ability to provide suitable representation. In other words, nothing in petitioner's submissions required the PCR court either to conclude that Goldman was not providing suitable representation or to seek additional information from petitioner about his complaints.

Nonetheless, on appeal petitioner contends that the court erred in failing to appoint substitute counsel. In his brief, petitioner relies on *Bailey v. Nooth,* 247 Or App 240, 269 P3d 80 (2011), and *Knox v. Nooth,* 244 Or App 57, 260 P3d 562 (2011). In *Knox,* the PCR petitioner's attorney moved to withdraw due to a conflict with the petitioner, and the PCR court granted the motion, but refused to appoint substitute counsel. On appeal, we ruled that "a court's authority to remove appointed counsel without substituting another appointed counsel in a post-conviction case arises when the need for an orderly and efficient judicial process compels the court to do that." *Knox,* 244 Or App at 69. Applying that rule, we held that the PCR court erred by removing the

petitioner's attorney without appointing substitute counsel, because the attorney was the first attorney on the case, the trial was scheduled one month later (and then rescheduled for a date four months later), and the PCR court appeared to deny the motion based on "a general policy" of not appointing more than one attorney on a PCR case. *Id. Bailey* is similar. 247 Or App at 245-46.

*Knox* and *Bailey* are inapplicable to this case. Here, the issue is whether the trial court erred by denying petitioner's request for substitute counsel. As explained above, the trial court did not err because the court could conclude from the information before it that petitioner's counsel was suitable. Because the PCR court did not remove petitioner's attorney, this case is unlike *Knox* and *Bailey*. Petitioner was not put in a position of proceeding without counsel; he continued with Goldman, at that point, and only later chose not to.

Affirmed.