DEHOOG, P. J.
*165 Petitioner appeals from a judgment denying his petition for post-conviction relief. We write only to address the assignments of error in petitioner's pro se supplemental brief, in which he argues that the post-conviction court erred when it refused to consider his pro se claims for relief under Church v. Gladden , 244 Or. 308, 417 P.2d 993 (1966), and his request for "suitable counsel" under ORS 138.590.[1] We conclude that the court erred as a matter of law, because it based its decision solely on timeliness grounds and, as a result, failed to exercise its discretion regarding petitioner's suitable-counsel request. We reverse and remand for the post-conviction court to consider that request.
We summarize the pertinent facts as taken from the record. Petitioner filed a pro se petition for post-conviction relief in which he alleged multiple theories of inadequate assistance of counsel. Petitioner also filed an affidavit of indigency under ORS 138.590, and the court appointed an attorney to represent petitioner. See ORS 138.590(4) (requiring court to appoint "suitable counsel" for financially eligible petitioners).
Petitioner's appointed attorney filed an amended petition on his behalf but removed all of petitioner's claims, replacing them with two unrelated claims of inadequate assistance of counsel. Counsel sent petitioner a copy of the amended petition with instructions for petitioner to contact him if there were any other claims that petitioner wanted to include. Counsel advised petitioner that, if petitioner personally notified the post-conviction court of any additional claims, then the court would be "obligated to hear [those] claims under the ruling in Church v. Gladden ," but also told petitioner that counsel could file those claims on his behalf.[2] Petitioner responded with a list of claims that he had alleged in the original petition. He explained that *166 he preferred for counsel to raise the claims in the petition, because he believed that the process for notifying the court of those claims personally, under Church , was "insufficient to properly assert and litigate [the] claims." Petitioner also directed his attorney to either investigate his listed claims or "submit a Church motion along with a motion to provide suitable counsel under ORS 138.590."
Petitioner and his attorney continued to discuss the omitted claims in a series of letters and conversations. Petitioner ultimately accepted counsel's recommendation that they omit the majority of his proposed claims, but was adamant that counsel pursue two of the claims, and suggested particular witnesses and lines of investigation for each claim. Petitioner again told counsel that he would prefer to raise those claims in the petition rather than through a Church notice, and again instructed counsel to either investigate those claims or to "submit a Church motion as well as a motion to examine the suitability of counsel under ORS 138.590."
For his part, petitioner's attorney recited those options back to him by informing him that he had a choice: either file a Church *742 notice himself or wait for counsel to amend the petition. As to one of petitioner's claims, counsel wrote in a November 2014 letter that he would add the claim to the petition if petitioner would provide a supporting affidavit. Somewhat contradictorily, counsel advised petitioner in the same letter to file a Church notice "immediately" if he had "any disagreement [with] any of the claims * * * in [the] amended petition" and that the court would "hold a hearing on those claims." Immediately following that advice, however, counsel wrote, "If you would like to wait until the court decides whether to accept our new petition or [want] to file your Church notice now is completely up to you." Petitioner responded by providing counsel with the requested affidavit and followed that up with an affidavit supporting the second omitted claim, apparently also at counsel's request. Counsel cited the first affidavit in support of a motion for authorization to contact jurors from petitioner's criminal trial, which the court denied; the record does not disclose whether counsel investigated or otherwise acted on the second claim. *167 Counsel did not, however, move to amend the petition to add either claim.
Petitioner's attorney submitted a trial memorandum to the court in January 2015, one month before the scheduled post-conviction hearing. When petitioner received a copy of the memorandum and noted that it discussed only the claims from the initial amended petition, petitioner wrote counsel to express his concern. Counsel responded, this time unequivocally, that petitioner should personally notify the court of the omitted claims:
"As I mentioned in my November * * * letter to you, if you wish to bring any further claims in your case, according to Church v. Gladden or otherwise, you should notify the court immediately. Failure to notify the court will result in the court not hearing those claims."
Petitioner wrote back "to verify that something [would be] done" as to at least one of the omitted claims. If counsel could not raise the claims, petitioner wrote, then he "would like to have them raised as part of a Church v. Gladden proceeding." Petitioner asked counsel "to bring this to the Court's attention in whatever proceeding is appropriate." Petitioner's attorney does not appear to have responded to that request.
Petitioner therefore wrote a letter to the court 10 days before the post-conviction hearing. The letter began:
"I'm writing to you pursuant to Church v. Gladden as clarified by Johnson v. Premo [, 355 Or. 866, 333 P.3d 288 (2014).[3] ] I'm also writing with a request that you assist with assuring I am provided with suitable counsel as required by Oregon's Post-Conviction Hearing Act.
"I am not seeking to disparage my post-conviction attorney, * * * but there are a few matters that have arisen that have become a concern."
*168 Petitioner then described one of his claims and, as to that claim, explained that he had urged counsel to contact certain witnesses and that counsel had "suggested" that he would contact the witnesses but had failed to do so. Petitioner closed the letter by explaining his understanding of Church , the "suitable counsel" requirement, and his reasons for not having contacted the court earlier:
"In Church v. Gladden , the Supreme Court advise[d] that a petitioner should make the court aware of any claims that post-conviction counsel will not assert on his behalf. Additionally, ORS 138.590 provides that I am entitled to 'suitable counsel,' which must mean a level of effectiveness that will do those things reasonably necessary to prevail in a post-conviction proceeding. While there no longer appears to be any directive as to how to exonerate [sic ] my right to suitable counsel in a post-conviction proceeding, I would suggest that the process would be similar to that as *743 explained in Church and Johnson , to notify the court at my first opportunity. Because I have been attempting to work through these issues with [counsel], I believe this is my first opportunity to advise you that [counsel] has not raised a ground for relief that I believe needs to be raised and that he has not completed the work that is necessary to meet the suitable counsel standard."
The post-conviction court did not address the issues raised in petitioner's letter until the start of the post-conviction hearing. Petitioner again explained the substance of one of his claims and stated that counsel had not investigated the claim, "even though [counsel had] indicated" that he would do so.[4] Petitioner summarized his argument as follows: He needed to raise additional grounds for relief and have those grounds investigated, and he had "a right to request these matters" under Church and pursuant to his right to suitable counsel under ORS 138.590.
The court responded that it understood petitioner's statements to be "a request for a set over," and it proceeded with the hearing with that understanding. Petitioner's *169 attorney told the court that he had "let [petitioner] know that he needed to file his own Church motions as late or as early as last November." The superintendent objected to a continuance based on the burden to the court, contending that it was "just not appropriate for petitioners * * * to be able to say, 'Oh, I have a matter about-you know, on Church v. Gladden , I want heard just before trial.' " According to the superintendent, petitioner must have known "for a long, long time[ ] whether he was satisfied or not."
Petitioner replied:
"[PETITIONER]: Your Honor, if I may? I have been discussing this matter with [counsel] for-since the beginning of his appointment to me. And he has actually told me that he was going to investigate these matters after some-some persuasion from me, but he said that he was going to get it done before trial.
"And then he responded to me in this letter saying that-you know, report to the-inform the Court as soon as possible. But all along before then he was stringing me on, telling me to-that he was going to do these things , and then at the last minute, which he's the one I feel that waited to the last minute, sprung it on me to tell me that he's not going to, and asking me to inform the Court as soon as possible. So that's what I am doing, Your Honor.
"THE COURT: You mean, what he told you in November?
" * * * * *
"[PETITIONER]: Your Honor, I'm not sure if it was November that he told me, but he's been stringing me along. He said that he was going to investigate these matters, and he hasn't ."
(Emphases added.) The court ruled as follows:
"THE COURT: I am not granting a set over today * * *. I am finding that there was adequate time for you to have filed these things previously. [The] fact that you had a conversation with [counsel] about filing Church v. Gladden obviously shows that you had a conversation about things he was or was not going to file in your case as your lawyer. And he was telling you that he wasn't filing those things, so if you wanted them raised, you needed to file.
*170 "[PETITIONER]: But Your Honor, then he said that he was going to do the investigation-
" * * * * *
"[THE COURT]: And I am not granting the set over this morning. This case, if something were going to happen, it needed to happen before this morning. I am not setting the case over. You will be able to appeal my decision to not set it over, but I believe there was sufficient time, and you did not file anything in the time that you would have had to do so."
The court proceeded to hold the post-conviction hearing, which was limited to argument by each party based on their trial memoranda.
*744 The court took the case under advisement at the close of the hearing, and petitioner spoke up again "to object on the record about the Church claims and the suitable counsel claims."
Following the hearing, petitioner wrote the court requesting reconsideration of the "decision to deny [him] a hearing on [his] Church v. Gladden and suitable counsel claims as well as a continuance to resolve these matters." Petitioner attached copies of the correspondence with counsel detailed above and argued that the letters demonstrated that there "[had] been a misunderstanding regarding [petitioner's] personal diligence in seeking to notify the court of [his] concerns." The letters, petitioner wrote, showed that petitioner had discussed his additional claims with counsel, that counsel had offered to pursue the claims, and that petitioner had "specifically asked [counsel] to bring this matter to the Court's attention, which he failed to do."
The court denied petitioner's claims for post-conviction relief. In its order denying relief, the court did not acknowledge petitioner's Church claims, his request for suitable counsel, or his request for reconsideration.
On appeal, petitioner assigns error first to the court's denial of his "request to raise his Church v. Gladden * * * claims," and second to the court's denial of his "request for suitable counsel." As we explain below, we reverse based upon the second assignment of error and remand for further proceedings. Because the post-conviction court has *171 discretion whether to address the Church claims on remand, we do not address petitioner's first assignment of error.[5] Petitioner argues that he has a right to suitable counsel and "a right to a process by which he can raise [post-conviction] counsel's inadequacy." He maintains that, in the wake of Johnson , it is unclear how he should vindicate his right to suitable counsel and suggests that the process should be similar to that for raising Church claims. See Johnson , 355 Or. at 877, 333 P.3d 288 (" Church did not sanction pro se filings to complain about the failure of counsel to agree with a post-conviction petitioner on every single issue of trial strategy.").
Given petitioner's arguments both to the post-conviction court and on appeal, we view his request for "suitable counsel" to be the functional equivalent of a request for substitute counsel. We note that the superintendent, in its brief, understands petitioner to have assigned error to the denial of a motion for substitute counsel. And, under similar circumstances, we explained that the post-conviction court should have considered whether to substitute counsel when, as here, the petitioner asserted that his post-conviction counsel had "abandoned" many of his claims by failing to investigate known witnesses or to "present any evidence, physical or testimonial" in support of the claims. Phillips v. Premo , 280 Or. App. 634, 646-47, 381 P.3d 986 (2016).
We review for abuse of discretion the denial of a request for substitute post-conviction counsel under ORS 138.590. Lopez v. Nooth , 287 Or. App. 731, 734, 403 P.3d 484 (2017). Discretion " 'refers to the authority of a trial court to choose among several legally correct outcomes.' " Id. (quoting State v. Rogers , 330 Or. 282, 312, 4 P.3d 1261 (2000) ). The scope of legally correct outcomes depends upon the particular circumstances; "the phrase 'abuse of discretion' has no hard and fast meaning." Liberty Northwest Ins. Corp. v. Jacobson , 164 Or. App. 37, 45, 988 P.2d 442 (1999). However, when a trial court's exercise of discretion "flows from a mistaken *172 legal premise, its decision * * * may be legally impermissible because it was guided by the wrong substantive standard." Lopez , 287 Or. App. at 734, 403 P.3d 484 (internal quotation marks omitted); see State v. Hightower , 361 Or. 412, 421, 393 P.3d 224 (2017) (discretion "may be predicated on certain subsidiary determinations-either findings of fact or conclusions of law-that trigger their own standards of review"). *745 Here we conclude that the court abused its discretion as a matter of law, because it declined to consider petitioner's "suitable counsel" request under circumstances that required it to do so. In some circumstances, it may be appropriate for a post-conviction court to summarily deny a request for substitute counsel. For example, "a [post-conviction] court is not required to appoint substitute counsel simply because a petitioner disagrees with his or her attorney's reasonable strategic choices about how to investigate and present the [post-conviction] case." Goodlette v. Causey , 279 Or. App. 113, 115, 379 P.3d 739, rev. den. , 360 Or. 465, 384 P.3d 150 (2016). The same is true as to allegations that counsel has failed to communicate with a petitioner to petitioner's satisfaction. Elkins v. Thompson , 174 Or. App. 307, 317, 25 P.3d 376, rev. den. , 332 Or. 558, 34 P.3d 1176 (2001). And, when a petitioner requests substitute counsel based on counsel's refusal to raise certain claims in the petition, we have reasoned that it is well within the court's discretion to deny the request if the petitioner cannot identify the claims or explain how they might affect the outcome. Mota v. Hill , 215 Or. App. 623, 627, 170 P.3d 1092 (2007), rev. den. , 346 Or. 65, 204 P.3d 95 (2009) ; Temple v. Zenon , 124 Or. App. 388, 392-93, 862 P.2d 585 (1993) ; cf. State v. Vierria , 278 Or. App. 656, 665, 379 P.3d 667 (2016) ("A defendant has no right to have another court-appointed lawyer in the absence of a legitimate complaint concerning the one already appointed for him." (Internal quotation marks omitted.) ).
Other circumstances require more of a post-conviction court. For example, a post-conviction court must consider a request for substitute counsel where the petitioner alleges a conflict of interest. Phillips , 280 Or. App. at 638, 381 P.3d 986 (citing Combs v. Baldwin , 161 Or. App. 270, 276-77, 984 P.2d 366 (1999) ). And, we have held that the post-conviction court was required to grant a motion to substitute counsel where *173 counsel had responded to his client's Church motion with a point-by-point refutation of the Church claims, thereby "set[ting] himself in an adversarial role [and] assuming the role of opposing counsel." Lopez , 287 Or. App. at 736, 403 P.3d 484.
Here, although we do not hold that the court was required to appoint new counsel, the court was required to consider petitioner's "suitable counsel" argument based on his allegations that counsel had, at a minimum, affirmatively misled petitioner as to whether counsel would raise petitioner's requested claims. Moreover, counsel undermined his client's position at the hearing by stating that he had informed petitioner to contact the court months earlier, without acknowledging that he had agreed to add at least one of petitioner's requested claims at that time.[6] Those circumstances required the court to consider petitioner's complaints and make a discretionary ruling whether to substitute counsel, even though petitioner did not notify the court until 10 days before trial. Cf. Phillips , 280 Or. App. at 637, 381 P.3d 986 ("[A] trial court cannot deny a motion for a continuance simply because the motion is made on the day of trial; whether a court may deny such a motion depends upon the particular circumstances of the case."). Rather than consider that issue, the post-conviction court ruled only on the timeliness of petitioner's Church notice and his implicit request for a continuance. And although, as the Supreme Court has explained in the criminal context, a trial court is not required to independently conduct a factual inquiry into a defendant's day-of-trial request for substitute counsel, a court must "weigh [ ] whatever the defendant puts before that court" and grant or deny the motion in its discretion. State v. Smith , 339 Or. 515, 529, 123 P.3d 261 (2005). Here, the post-conviction court failed to undertake that analysis, and that was error.
On remand, the court should consider defendant's request for suitable counsel and determine in its discretion whether to grant that request. Our disposition "is not intended to preclude any further litigation of issues" whether *174 or not the court ultimately appoints *746 substitute counsel. Lopez , 287 Or. App. at 736 n. 2, 403 P.3d 484.
Reversed and remanded.

We reject without discussion petitioner's assignments of error raised through appellate counsel. For ease of reading, we refer to petitioner's two pro se assignments of error simply as petitioner's first and second assignments.

A Church motion or notice is "the procedural mechanism by which a post-conviction petitioner informs the court of an attorney's failure to raise" claims for relief. Lopez v. Nooth , 287 Or. App. 731, 735, 403 P.3d 484 (2017) (citing Johnson v. Premo , 355 Or. 866, 876, 333 P.3d 288 (2014) ).

In Johnson , the Supreme Court explained the holding of Church : "If a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court to avoid the effect of ORS 138.550(3) [the post-conviction 'claim preclusion' statute]." 355 Or. at 877, 333 P.3d 288. The court reversed our conclusion that Church allowed a petitioner to file motions pro se if the petitioner reasonably believed that his or her counsel did not qualify as "suitable counsel" under ORS 138.590. Id. at 870, 333 P.3d 288.

At the hearing and in petitioner's letters to the court, he discussed only the second of the two claims that he had urged counsel to pursue; he did not mention the claim for which counsel had filed the unsuccessful motion to authorize juror contact.

We have recently explained that a post-conviction court has discretion whether to consider a petitioner's Church claims even when properly brought to the court's attention. Bogle v. State of Oregon , 284 Or. App. 882, 883, 395 P.3d 643, rev. allowed , 362 Or. 281, 409 P.3d 1041 (2017). The present case is distinguishable from Bogle , because it involves a complaint against counsel beyond the mere refusal to raise a specific claim for relief.

As noted, petitioner explained at the post-conviction hearing that counsel had been "stringing [him] on." He later substantiated that allegation when he provided the court with copies of correspondence reflecting counsel's inconsistent representations to petitioner.